UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JEFFERSON ENRIQUE BELLO CHACON,<br><br>Petitioner,<br><br>v.<br><br>LAURA HERMOSILLO, et al.,<br><br>Respondents. | Case No. 2:25-cv-02299-TMC<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS |

## I.  INTRODUCTION AND BACKGROUND

Petitioner Jefferson Enrique Bello Chacon is an individual who is detained at the Northwest Immigration and Customs Enforcement Processing Center ("NWIPC") in Tacoma, Washington on the charge that he is unlawfully present in the United States without admission or parole. Dkt. 1 ¶¶ 1–2; Dkt. 9-6 at 3; Dkt. 13-1 ¶ 22. He entered the United States on September 16, 2023, at which point he was apprehended by immigration officers. Dkt 9-1 at 2–4; Dkt. 9-2. The next day, he was released pursuant to an order of release on recognizance ("OREC") and received a notice to appear. Dkt. 13-1 ¶¶ 4–5; Dkt. 9-3 at 2; Dkt. 9-4 at 2. Over the next two years, he resided in Oregon as his immigration proceedings continued. Dkt. 1 ¶ 41; Dkt. 13-1 ¶¶ 6–18. In March 2024, he was enrolled in the Alternatives to Detention ("ATD") program. Dkt. 13-1 ¶ 13. On September 9, 2024 and April 21, 2025, he failed to be present for scheduled

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS** - 1

home visits. Dkt. 13-1 ¶¶ 15, 18. On November 25, 2024 and December 16, 2024, he missed initial biometric check-ins but later checked in successfully using location services on his phone. *Id.* ¶¶ 16–17. On November 8, 2025, Bello Chacon was detained by immigration officers in Portland, Oregon and transferred to NWIPC. Dkt. 1 ¶ 42; Dkt. 9-6 at 3; Dkt. 13-1 ¶ 19. At that time, Immigration and Customs Enforcement ("ICE") canceled his OREC, and he was terminated from the ATD program for "multiple non-compliance violations." Dkt. 9-9 at 2; Dkt. 13-1 ¶ 19. To date, he has not received a custody redetermination hearing before an Immigration Judge ("IJ"). Dkt. 1 46; *see* Dkt. 12-1 at 6.

On November 17, 2025, Bello Chacon filed a petition for a writ of habeas corpus requiring Respondents to "release Petitioner or, in the alternative, provide Petitioner with a bond hearing pursuant to 8 U.S.C. § 1226(a) within seven days." Dkt. 1. He argues that his mandatory detention violates both the Immigration and Nationality Act ("INA") and his right to due process under the Fifth Amendment to the United States Constitution. *Id.* ¶¶ 48–55. On November 20, the Court issued an order to show cause directing Respondents to file a return to the habeas petition. Dkt. 6. On November 25, Federal Respondents filed a return. Dkt. 7. On November 26, Bello Chacon moved to enlarge the time to file a traverse. Dkt. 11. On November 28, Federal Respondents filed praecipes to attach a corrected return and the declaration of Officer Brett Booth. Dkt. 12; Dkt. 13. On December 1, the Court granted Bello Chacon's motion for extension of time. Dkt. 15. On December 3, Bello Chacon filed a traverse. Dkt. 16. The habeas petition is now ripe for the Court's review. For the reasons set forth below, the Court GRANTS the petition for writ of habeas corpus.

## II.    LEGAL STANDARD

"Writs of habeas corpus may be granted by . . . the district courts . . . within their respective jurisdictions." 28 U.S.C. § 2241(a). A habeas petitioner must prove by the

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS** - 2

preponderance of the evidence that he is "in custody in violation of the Constitution or laws or treaties of the United States." *Davis v. Woodford*, 384 F.3d 628, 638 (9th Cir. 2004); 28 U.S.C. § 2241(c).

### III.   DISCUSSION

**A.   Bello Chacon is subject to discretionary detention under 8 U.S.C. § 1226(a).**

Bello Chacon argues that Respondents have unlawfully subjected him to mandatory detention consistent with their practice of treating every person who entered the United States without inspection as an "applicant for admission" who is "seeking admission" under 8 U.S.C. § 1225(b)(2) (section 235(b)(2) of the Immigration and Nationality Act ("INA")). Dkt. 1 ¶¶ 21–40, 48–50. He asserts that he is instead subject to discretionary detention under 8 U.S.C. § 1226(a) (section 236(a) of the INA), which permits release on bond. *Id.* ¶¶ 5, 35, 49.

In *Rodriguez Vazquez v. Bostock*, this Court granted summary judgment to members of a certified Bond Denial Class, holding that their detention under § 1225(b)(2) was unlawful under the INA. --- F.Supp.3d ----, No. 3:25-CV-05240-TMC, 2025 WL 2782499, at *27 (W.D. Wash. Sept. 30, 2025). The Court defined the Bond Denial Class to include the following individuals:

> All noncitizens without lawful status detained at [NWIPC] who (1) have entered or will enter the United States without inspection, (2) are not apprehended upon arrival, (3) are not or will not be subject to detention under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231 at the time the noncitizen is scheduled for or requests a bond hearing.

*Id.* at *6.

The Court agrees with Federal Respondents that Bello Chacon is not a member of the Bond Denial Class because he was apprehended on arrival to the United States. *See Del Valle Castillo v. Wamsley*, No. 2:25-CV-02054-TMC, 2025 WL 3524932, at *4–5 (W.D. Wash. Nov. 26, 2025) (W.D. Wash. Nov. 26, 2025); Dkt. 12-1 at 2. However, this does not mean that he is automatically subject to mandatory detention under § 1225(b). In general, "the default

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 3**

discretionary bond procedures in section 1226(a) apply to noncitizens who, like Bond Denial Class members, are 'present in the United States without being admitted or paroled' under section 1182(a)(6)(A)" and are not subject to mandatory detention under another section of the statute. *Rodriguez Vazquez*, No. 3:25-CV-05240-TMC, 2025 WL 2782499, at *17 (quoting 8 U.S.C. § 1182(a)(6)(A)(i)). And even when a petitioner was apprehended on arrival, if he has been "treated by [the government] as subject to discretionary detention under section 1226, rather than mandatory detention under section 1225," the former is more likely to apply. *Romero v. Hyde*, No. CV 25-11631-BEM, 2025 WL 2403827, at *8 (D. Mass. Aug. 19, 2025).

Here, the government has treated Bello Chacon as subject to discretionary detention under § 1226(a). The warrant for Bello Chacon's arrest—issued on the day he entered the United States—states that he is "liable to being taken into custody as authorized by section 236 of the Immigration and Nationality Act." Dkt. 9-2 at 2; *see* Dkt. 13-1 ¶ 4. He was then released on recognizance "[p]ursuant to the authority contained in section 236 of the Immigration and Nationality Act and part 236 of title 8, Code of Federal Regulations." Dkt. 9-4 at 2; *see also Ortega-Cervantes v. Gonzales*, 501 F.3d 1111, 1115 (9th Cir. 2007) (explaining that "release on recognizance" is "another name for 'conditional parole' under § 1226(a)"). These circumstances indicate that Bello Chacon was—and continues to be—subject to discretionary detention under § 1226.

Federal Respondents suggest that even if Bello Chacon was initially subject to detention under § 1226(a), the revocation of his OREC in November 2025 made him subject to detention under § 1225(b). Dkt. 12-1 at 7–8. This argument is unpersuasive. As this Court explained in *Rodriguez Vazquez*, the phrase "seeking admission" in § 1225(b)(2) "necessarily implies some sort of present-tense action." *Rodriguez Vazquez*, No. 3:25-CV-05240-TMC, 2025 WL 2782499, at *22 (quoting *Martinez v. Hyde*, 792 F. Supp. 3d 211, 218 (D. Mass. 2025)). In other words, "a

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS** - 4

noncitizen must be engaged in an 'ongoing process'—or any affirmative act for that matter—towards 'admission' to trigger the provision's mandatory detention scheme." *Id.* (quoting *Al Otro Lado v. Wolf*, 952 F.3d 999, 1011 (9th Cir. 2020)). After the government recognized in 2023 that Bello Chacon had entered the United States, and he had resided in the United States for over two years, he did not revert to "an alien seeking admission" to the United States upon his rearrest in 2025. 8 U.S.C. § 1225(b)(2)(A).

### B. Bello Chacon's re-detention violates due process.

Bello Chacon argues that Respondents denied him due process by failing to (1) provide written notice justifying the revocation of his OREC, (2) assess whether he presented a flight risk or danger to the community before rearresting him, or (3) provide him a hearing before a neutral decisionmaker prior to his re-detention. Dkt. 16 at 2–5; *see* Dkt. 1 ¶¶ 51–55. He requests that the court order his immediate release to correct the unlawful deprivation of his liberty. Dkt. 16 at 2–3. Federal Respondents argue that ICE has the discretion to rearrest noncitizens and that the INA and its implementing regulations do not require any pre-deprivation hearing. Dkt. 12-1 at 7–9. Applying the three-part test articulated by the Supreme Court in *Mathews v. Eldridge*, they assert that Bello Chacon's re-detention is justified because it stemmed from his violations of the conditions of his ATD program. *Id.* at 10–11; *see* 424 U.S. 319, 334–35 (1976).

The Supreme Court has consistently held that "the Constitution requires some kind of a hearing *before* the State deprives a person of liberty or property." *Guillermo M. R. v. Kaiser*, 791 F. Supp. 3d 1021, 1035 (N.D. Cal. 2025) (emphasis in original) (quoting *Zinermon v. Burch*, 494 U.S. 113, 127 (1990)). "[T]here may be situations that urgently require arrest, in which a prompt post-deprivation hearing is appropriate." *Id.* at 1036; *see Zinermon*, 494 U.S. at 128 (noting that there are special cases where a pre-deprivation hearing is impracticable). "However, absent evidence of urgent concerns, a pre-deprivation hearing is required to satisfy due process,"

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 5**

particularly when the government has previously determined that an individual is eligible for release pending their removal proceedings. *Guillermo M.R.*, 791 F. Supp. 3d at 1036. Numerous courts in this district and throughout the Ninth Circuit have recognized this requirement. *See, e.g.*, *Ramirez Tesara v. Wamsley*, --- F. Supp. 3d ---, No. 2:25-cv-01723-MJP-TLF, 2025 WL 2637663, at *3–4 (W.D. Wash. Sept. 12, 2025); *E.A. T.-B. v. Wamsley*, 795 F. Supp. 3d 1316, 1320–24 (W.D. Wash. 2025); *Ortega v. Bonnar*, 415 F. Supp. 3d 963, 969–70 (N.D. Cal. 2019).

Federal Respondents have identified no urgent concerns that would have rendered a pre-deprivation hearing impracticable in this case. Federal Respondents point to failed home visits and delayed biometric check-ins, arguing that these were violations of the requirements of Bello Chacon's ATD program and conditions of his release. Dkt. 12-1 at 6; 9–11. But nothing in the record shows that these home visits and check-ins were conditions of supervision, and the most recent failed home visit cited by Federal Respondents occurred on April 21, 2025—over six months before Bello Chacon's re-detention. *See* Dkt. 13-1 ¶¶ 15–19. Federal Respondents contend that Bello Chacon "had notice that ATD violations could lead to his redetention when he agreed to the program," but they do not point to evidence in the record reflecting such notice. Dkt. 12-1 at 11. In the absence of any evidence that arrest was urgently required, the Court concludes that Bello Chacon was entitled to a pre-deprivation hearing to justify his re-detention and the revocation of his OREC.

Applying the *Mathews* factors does not compel a different result. *Mathews* requires courts to consider three factors in determining whether a government action complies with procedural due process:

> First, the private interest that will be affected by the official action; second, the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards; and finally, the Government's interest, including the function involved and the fiscal and

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS** - 6

administrative burdens that the additional or substitute procedural requirement would entail.

424 U.S. at 335.

All three factors favor Bello Chacon. First, his private interest is strong, as "[f]reedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty" protected by the Fifth Amendment's Due Process Clause. *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). Federal Respondents suggest that this interest is "tempered" by the fact that Bello Chacon was subject to conditions of release, but as explained above, they provide no documentation of those conditions or Bello Chacon's awareness of them. Dkt. 12-1 at 11. Regardless, the fact that the government had discretion to revoke his release "does not somehow obviate the need for the Government to provide a[n] individualized hearing prior to re-detaining the parolee." *Ramirez Tesara*, No. 2:25-cv-01723-MJP-TLF, 2025 WL 2637663, at *3.

Second, there is little documentation in the record to justify Bello Chacon's re-detention, aside from a single statement that he was "terminated from the Alternatives to Detention program for multiple non-compliance violations." Dkt. 13-1 ¶ 19. And even if Bello Chacon's re-detention was the result of ATD violations that occurred months earlier, "it would not necessarily follow that Petitioner can be detained for those violations without a hearing." *E.A. T.-B.*, 795 F. Supp. 3d at 1322. To the contrary, Federal Respondents' failure even now to provide documents supporting their purported justification for Bello Chacon's rearrest demonstrates why the risk of an erroneous deprivation is especially high.

Third, Federal Respondents are correct that the government has a "strong interest" in enforcing United States immigration laws. *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1208 (9th Cir. 2022). But Federal Respondents have not argued that a pre-deprivation hearing would

ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS - 7

interfere with those interests or place any significant administrative or financial burden on the government. *See Ramirez Tesara*, No. 2:25-cv-01723-MJP-TLF, 2025 WL 2637663, at *4. Any costs that the government might bear "are far outweighed by the risk of erroneous deprivation of the liberty interest at issue." *E.A. T.-B.*, 795 F. Supp. 3d at 1324. And, of course, the administrative and financial burdens associated with detaining Bella Chacon for the remainder of his removal proceedings far surpasses the cost of providing him a hearing to decide if that detention is justified. The government's interest in detaining Bello Chacon without a pre-deprivation hearing is minimal.

## IV.     CONCLUSION

For the reasons explained above, the Court ORDERS as follows:

1. The petition for writ of habeas corpus (Dkt. 1) is GRANTED.

2. Within ONE day of this order, Respondents must release Petitioner Jefferson Enrique Bello Chacon on the same conditions of release previously imposed before his rearrest in November 2025.

3. Bello Chacon shall not be re-detained, absent urgent circumstances, without pre-deprivation notice and opportunity to be heard in front an Immigration Judge.

Any fee petition should be filed within the deadlines set by the Equal Access to Justice Act, 28 U.S.C. § 2412.

Dated this 12th day of December, 2025.

Tiffany M. Cartwright
United States District Judge